663 So.2d 835 (1995)
STATE of Louisiana ex rel. Richard P. IEYOUB, Attorney General, et al.
v.
CLASSIC SOFT TRIM, INC. et al.
No. 95-CA-804.
Court of Appeal of Louisiana, Fifth Circuit.
October 20, 1995.
Writ Denied January 26, 1996.
Jane B. Johnson, Asst. Attorney General, La. Dept. of Justice, for Plaintiffs-Appellants.
Robert A. Kutcher, Ashley A. Belleau, New Orleans, for Defendants-Appellees.
Before BOWES, DUFRESNE and WICKER, JJ.
DUFRESNE, Judge.
This is an appeal by the State of Louisiana, through Richard Ieyoub, Attorney General, dismissing the State from a suit alleging violations of the State's monopoly and unfair trade practices laws, on grounds that the State lacks the procedural capacity to participate in these actions. Because we find that the pertinent State statutes specifically authorize the Attorney General to bring and prosecute both monopoly and unfair trade practices actions, we vacate the judgment of the trial court and re-instate the State as a party to the suit.
This action was commenced by the State of Louisiana through the Attorney General, and on behalf of several private parties. The petition alleges that the defendants, Classic Soft Trim, Inc., a Texas corporation, and various of its officers and employees, are violating Louisiana's monopoly laws, La.R.S. 51:121 et seq., and its unfair trade practices laws, La.R.S. 51:1401, et seq. In both areas, the Legislature has determined that actions for violations of these laws may be brought by the Attorney General. Specifically, La. R.S. 51:128, relating to violation of the monopoly laws, provides that:
The district courts have jurisdiction to prevent and restrain violations of this Part, and the Attorney General or the district attorneys in their respective districts under the direction of the Attorney General or the governor, shall institute proceedings to prevent and restrain violations.... (emphasis added)
Similarly, La.R.S. 51:138 provides:
All suits for the enforcement of this Part shall be instituted in the district courts by the Attorney General, on his own motion or by the direction of the governor, or by *836 the district attorney, acting under instruction of the governor or the Attorney General;... (emphasis added)
As to violations of the unfair trade practices act, La.R.S. 51:1407 states:
Whenever the director and the attorney general has reason to believe that any person is using, has used or is about to use any method, act or practice declared by R.S. 51:1405 to be unlawful, the director may instruct the attorney general to bring an action for injunctive relief in the name of the state against such person to restrain and enjoin the use of such method, act or practice.... (emphasis added)
Also, La.R.S. 51:1408, provides that in any suit brought by the Attorney General under La.R.S. 51:1407:
The court may issue such additional orders or render judgments against any party, as may be necessary to compensate any aggrieved person for any property, movable or immovable, corporeal or incorporeal, which may have been acquired from such person by means of any method, act or practice declared unlawful by R.S. 51:1405, whichever may be applicable to that party under R.S. 51:1418.
The defendants urged in the district court the exception of lack of procedural capacity on the part of the State to be a party to the action. The district judge sustained the exception and dismissed the State from the suit. In her reasons for judgment she stated:
This Court finds that the State of Louisiana has failed to show that they represent the interest of a distinct group of people separate from the intervenors. In comparing the State's and the Intervenors' positions, they are virtually identical. It is clear from an examination of both the State's petition and the Intervenors' petition that the state is only asserting an action on behalf of a distinct geographical group who are capable of raising their own claims.
The Attorney General now appeals that judgment.
Although we appreciate the trial judge's reasoning, we conclude that the judgment is nonetheless erroneous because it was based upon a false premise. The principle of procedural capacity, which challenges not the ownership interest of a party in the subject matter of a suit, but rather his capacity to assert that interest, depends purely upon legislative enactments. Most typically, litigation on this issue concerns questions of minority status, mental capacity, marital status, agency, mandate or some other representative capacity on the part of a party, see La. Code Civ.Pro., Arts. 682-743. In all of these areas, it is the legislature which has determined what persons and entities have the capacity to be parties to suits in their own names, or to bring or defend them in the names of others. Further, La.Code Civ.Pro., Art. 700, provides that when challenged, the plaintiff shall prove his authority to bring the suit on the trial of the exception.
In the present matter, the Attorney General was challenged as to his authority to bring and maintain the present suit. His proof of capacity was simply citations to La. R.S. 51:128,138,1407, and 1408. Each of these statutes gives to him the procedural capacity to bring the present suit alleging violations of the monopolies and unfair trade practices laws. Whether the relief sought by him is similar or even identical to that sought by the intervenors is of no consequence in the analysis of this capacity under state law. We therefore must overrule the judgment of the trial court and re-instate the State of Louisiana, through the Attorney General, as a party to this suit.
The defendants argue, to the contrary, that the State's action is merely a disguised private action, and moreover that the real parties in interest to this private action are the intervenors, each of whom has now asserted their private rights against the defendants. They further argue that the State does not have any interest in the litigation as parens patriae because its interest here are not distinct from those of the intervenors, citing Louisiana v. Verity, 681 F.Supp. 1178 (E.D.La.1988). We do not find this case applicable to the present matter. There, the State brought suit against an agency of the federal government in an attempt to have a federal law set aside as being violative of the *837 equal protection and due process rights of certain Louisiana citizens. The court simply repeated the general rule:
"that a state may not attempt as parens patriae to enforce rights of its citizens in respect of their relations with the federal government. In that field it is the United States, and not the State, which represents them as parens patriae when such representation becomes appropriate, and to the former, and not to the latter, they must look for such protective measures as flow from that status." Massachusetts v. Mellon, 262 U.S. 447, 485-486, 43 S.Ct. 597 [600-601], 67 L.Ed. 1078 (1923).
None of this jurisprudence is relevant to the present matter. Here, the legislature has enacted certain regulations concerning commerce in this state and has directly empowered the Attorney General to enforce those laws both criminally and civilly, and to seek redress against violators on behalf of both the state and private parties. It is not alleged that these enactments are beyond the sovereign power of the state to control commerce within its borders, or that they violate any rights of the defendants which are protected by either the state or the federal constitutions. Absent such allegations, the statutes must be presumed valid and must be given effect by the courts of the state.
For the foregoing reasons, the judgment of the district court sustaining the exception of lack of procedural capacity on the part of the State of Louisiana, through Richard Ieyoub, Attorney General, is hereby set aside, and the State is hereby re-instated as a proper party to the action.
REVERSED AND RENDERED.